JOSEPH M. FORWARD & another *vs.* PLINY M. FORWARD & another.

If one of the executors of a will was a partner of the testator, a settlement of the partnership accounts existing between the testator and such partner, made by the executors without the sanction of the probate court, is not binding upon persons interested in the estate; and interest cannot be charged on a balance so found. But items of charge stated in such an account and settlement are competent, in connection with other evidence, as admissions against the surviving partner.

The mere fact that executors have been guilty of gross neglect in rendering their account will not prevent the allowance of sums paid by them for counsel fees, or of their reasonable expenses of administration, if such neglect did not cause the litigation for which the fees are charged, and most of the parties interested have expressed their willingness that they should be allowed.

Although executors have neglected to take such steps as will enable them to avail themselves of the statute of limitations, in defence to claims presented against the estate of their testator, they may be allowed for debts paid by them more than four years from the date of their bond, if it does not appear that those interested in the estate have suffered by the neglect.

The executor of a will, who is the surviving partner of the testator, and who has paid debts due from the firm at any time before the final settlement of his account as executor, may be allowed for the testator's share thereof, although the time for the limitation of actions against executors had expired.

If an executor, after the expiration of one year from the date of his bond, has sufficient funds to pay all the debts due from his testator's estate, and delays the payment of them, he cannot be allowed for the subsequent interest which he thus wrongfully allows to accrue.

An executor has no authority to pay money to extinguish a claim of dower in land belonging to the estate of his testator.

If persons interested in the estate of a deceased person have been guilty of laches in protracting the settlement of it, they are not entitled to claim interest against the executors, although the latter have also been guilty of neglect.

APPEAL taken by both parties respectively interested, from the decree of the judge of probate allowing in part, and disallowing in part, the account of Joseph M. Forward and Robert Forward, executors of the will of Joseph Forward, deceased. The case was referred to an auditor, who reported the facts, upon which various questions arose.

The testator died in December 1840, having made his will in the previous July. The will was duly proved, and the executors entered upon the discharge of their trust. For many years the testator had been in partnership with his son, the said Joseph M. Forward. A large part of his property consisted or

real estate, which he devised to his children and grandchildren, and the same was distributed among them in 1842, and at the same time most of them executed an agreement to make good to the executors any deficiency which might be found in the personal estate, for paying debts and legacies. In 1842 or 1843 the executors made an examination of the books and papers of the late firm, and the said Joseph M. Forward entered the result upon the ledger, showing a balance of account against the testator and in favor of the firm of $9476.53, and a balance against Joseph M. Forward and in favor of the firm of $6498.58. As the result of this statement and settlement, the executors charged in their account one half of the difference between these balances as paid to Joseph M. Forward, as the " balance in settlement of company accounts and notes to the company due J. M. Forward, $1488.98 ; " and they contended that this settlement was to be treated as conclusive. The auditor found as a fact that the settlement was incorrect, disallowed interest on the balance so stated, and left the question of the conclusiveness of the settlement to be determined by the court. He also reported that, being of opinion that the executors had no power to bind the estate by such a settlement, he used the statements upon the ledger as admissions of Joseph M. Forward, in connection with other evidence in the case.

The executors filed no account in the probate office till after they were cited to do so by the judge of probate in 1852 ; and since then they have filed three several accounts, which are the subject of the present controversy. The executors charged certain sums as paid for counsel fees. The facts relating to the question of their allowance, together with those relating to several other questions which arose at the hearing, are stated in the opinion.

*W. G. Bates & M. B. Whitney,* for the executors.

*W. Allen, Jr.,* for certain of the devisees.

CHAPMAN, J. This is an appeal from a decree of the judge of probate, by which he allowed some of the items of an administration account rendered by Joseph M. Forward and Robert Forward, executors of the last will and testament of

Joseph Forward, deceased, and disallowed other items. Both parties appealed from the decree, so far as it was unfavorable to them respectively. The auditor's report having been filed, and the questions of fact disposed of, there remain several questions of law which have been presented and argued.

1. It appears that the testator, Joseph Forward, and the executor, Joseph M. Forward, were partners at the time of the decease of the testator, and had been such for many years, and their copartnership concerns had never been settled. After the appointment of the executors, they undertook to examine the accounts, and to make a settlement of the partnership affairs. It is contended that this settlement is conclusive upon the legatees. But the court are of opinion that the settlement was not binding upon the legatees. The decease of one partner dissolves the partnership, and its debts become the sole debts of the surviving partner. He should pay them, and settle his account in the probate court. When such account is rendered, all parties interested will have an opportunity to be heard in respect to it. The fact that there is a co-executor makes no difference, for if a balance is found due to the estate of the testator, it must still be settled in the probate court, because the co-executor cannot maintain an action to recover the balance.

2. The auditor correctly refused to allow interest on the balance of the partnership account, because no balance has been ascertained till the settlement of the present account, and it is owing to the neglect of the surviving partner that the balance was not ascertained and settled soon after the distribution of the real estate.

3. It is objected that, though the auditor did not allow the partnership account as settled by the executors between themselves, yet he used the charges therein stated as admissions of Joseph M. Forward against himself, in connection with other evidence. But the court are of opinion that, though he did not treat the settlement as binding, he had a right to consider any or all of the items of the account as evidence before him, in connection with other evidence.

4. The auditor submits the question to the court whether the executors shall be allowed to charge in their account the sums they have paid for counsel fees. The amount charged is admitted to be reasonable, but the auditor finds that there has been gross neglect on the part of the executors, in not being prepared to render a final account at an earlier day. He does not find, however, any culpable intention on their part, and the negligence was prior to the filing of the first account.

The general rule is, that executors, who are obliged to employ counsel in the settlement of their accounts, shall be allowed to charge to the estate the reasonable fees of counsel. Mere neglect to be prepared to render a final account at an earlier day cannot be regarded as sufficient of itself to constitute an exception to the rule. It is not found that this neglect has occasioned any of the litigation for which these fees are charged; and it is to be considered that the real estate of the testator, which constituted a great part of his property, was distributed within two years after his decease, to wit, in May 1842; that the devisees then made an agreement with the executors to indemnify them in case the personal estate should prove insufficient to pay the debts; that most of the devisees have not contested the account rendered, but have expressed their satisfaction with it; that those who are contesting the account are interested in only a small proportion of the estate, and they neglected to call on the executors to render an account till after the lapse of about eleven years; and that many of their objections have not been sustained. Under all the circumstances of the case, the court are of opinion that these items should be allowed.

5. The account of the executors for their expenses is properly allowed by the auditor. In a case where it is proper to allow counsel fees, it is proper to allow reasonable expenses of administration.

6. It is objected by the contesting legatees that no allowance should be made to the executors for debts paid by them after the lapse of four years from the date of their bond.

It appears that an order of notice of their appointment was

made, and that on the 6th of July 1841 the executors made oath that they had complied with it. But the order and the certificate of the oath were very defective, and would not have been sufficient to bar the claims of creditors. It would have been the duty of the executors, on discovery of the mistake, to petition the probate court to order a new notice, according to the provision of Rev. Sts. *c.* 66, § 25. If such new notice had been ordered and published, the four years would have begun to run from the date of the order. Of course it would have been legal to pay debts until the expiration of that time. But no petition was made, and it does not appear when the mistake was discovered. The fault of the executors, therefore, has not been in paying debts which were barred by Rev. Sts. *c.* 66, but in neglecting to take measures for bringing the estate within the protection of the statute. If it could be seen that, by the payment of debts after the executors ought to have been able to defend against them, the damage to the legatees was equal to the amount of the payments, there would be a strong reason for disallowing the payments. But this does not appear. The circumstances may have been such that the damage occasioned by the payment of the debts out of funds in the hands of the executors was merely nominal; or, if not nominal, that it was much less than the amounts paid. In addition to this is the fact that the greater part of the legatees, both in number and interest, assent to the payments. The proper course, therefore, is to allow the charges in account for such payments. If it creates a balance in favor of the executors, leave to sell real estate for its payment would probably be refused; and if the dissatisfied legatees seek a further remedy, they may be left to a suit on the bond, in which the actual damage to them may be ascertained, having reference to the fund out of which the debts were paid, and the actual state of the executors' accounts.

The objection does not apply to the payment of partnership debts; for as they become the debts of the surviving partner at the decease of the testator, he might pay them at any time before rendering his account in the probate court. The limitation of four years does not affect them.

Forward & another *v.* Forward & another.

7. It is objected that interest ought not to be allowed on debts paid after the expiration of two years, because the auditor finds that the executors then had in their hands available assets sufficient to pay all the debts at that time. Such being the fact, the court are of opinion that the debts ought to have been paid, and that no interest ought to have been allowed beyond that period.

8. Another item is objected to, in which the executors charge for a sum which was paid by them to extinguish a claim of dower upon a tract of land that had been set off to one of the devisees. It would be equitable to allow it, as the payment was for the benefit of the devisees, and extinguished a claim which it would have been inconvenient to adjust among themselves. But the executors had no legal authority to pay it without the consent of all the devisees, and therefore it is disallowed. It was not a pecuniary claim against the estate, but a life estate in a single tract of land, and the remedy of the party evicted would be against the other devisees, and not against the executors.

9. It is claimed that a balance is due to the devisees, and that interest should be allowed upon this balance after the account should have been settled in the probate court. But it does not yet appear that there is such balance; on the contrary, the auditor finds a balance due to the executors. If this result shall be changed when the account is adjusted in conformity with the opinion of the court, the portion of it which will belong to the contesting legatees cannot be large. The auditor finds that, although there has been gross neglect on the part of the executors, both parties have had their share in protracting these proceedings since the account was filed. As the devisees have thus been guilty of laches, there is no reason for allowing interest in their favor on the balance which is yet unsettled.

*Report recommitted, in order that it may be corrected and a new balance stated in conformity with the decision of the court. Cause to stand for further directions.*